UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case No.: 16-cr-20229
    Hon. Gershwin A. Drain

MARVIN LAMONT JENKINS,

    Defendant.
_____/

# OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR RECONSIDERATION OF COMPASSIONATE RELEASE [#136]

## I. INTRODUCTION

In July of 2017, Defendant Marvin Jenkins entered a plea of guilty to possession of 24 kilograms of cocaine with the intent to distribute. Defendant is currently serving his 13-year sentence at Lewisburg USP. On August 14, 2020, this Court denied the Defendant's Motion for Compassionate Release. The Court concluded while Defendant had established "extraordinary and compelling" reasons supporting compassionate release, the sentencing factors did not support a reduction in sentence. *See* ECF No. 135. Now before the Court is the Defendant's Motion for Reconsideration, filed on January 19, 2021. Defendant

argues the Court should reconsider his request for compassionate release because his health condition is more dire, and he is needed at home to care for his ailing father.

## II. LAW & ANALYSIS

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Defendant has failed to demonstrate a palpable defect with respect to this Court's Opinion and Order denying Compassionate Release. As an initial matter, Defendant mistakenly argues the Court ignored his medical conditions of Type II Diabetes and obesity when it denied his request for compassionate release. To the contrary, the Court considered and relied upon Defendant's medical conditions and place of confinement to conclude he had satisfied the "extraordinary and compelling" reasons required by 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 135, PageID.1353-56.

However, a finding that extraordinary and compelling reasons exist is not the end of the analysis. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant must also establish he is entitled to relief in light of the sentencing factors contained in 18 U.S.C. § 3553(a). The Court thoroughly considered the sentencing factors and determined Defendant was not a good candidate for a reduction in sentence because his offense was extremely serious, involving 72 kilograms of cocaine. The Court acknowledged Plaintiff's positive characteristics, including lack of criminal history, strong family relationships, good conduct while on bond and in custody, and the BOP's low risk of recidivism finding. However, release of Defendant when he has served less than a third of his 13-year sentence will improperly minimize the serious nature of his drug trafficking offense and will undermine respect for the law. Defendant has failed to demonstrate a palpable

3

defect with respect to this Court's conclusion that he is not entitled to compassionate release.

## III. CONCLUSION

Accordingly, for the reasons stated above, Defendant's Emergency Motion for Reconsideration of Compassionate Release [#136] is DENIED.

SO ORDERED.

Dated: May 7, 2021 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 7, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager